UNITED STATES of America,
Appellee,

v.

Jason CAMPBELL and Elvin Harris,
Defendants–Appellants.

Nos. 05–5146–cr(L), 05–5516–cr(Con).

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Peter Katz, Special Assistant United States Attorney, of counsel (Peter A. Norling, Assistant United States Attorney, on the brief), for Roslynn Moskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Richard Langone (Anthony LaPinta, on the brief) Reynolds, Caronia, Gianelli, Hagney, LaPinta & Hargraves, LLP, Hauppauge, NY, for Defendant–Appellant Elvin Harris.

Present: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Elvin Harris ("Harris") appeals from a judgment of conviction entered September 30, 2005 principally sentencing Harris to 400 months' imprisonment. Counsel for Jason Campbell ("Campbell") has filed a motion pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and the Government has moved for summary affirmance, thus this order will only address issues related to Harris' appeal. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review the district court's sentence for reasonableness. *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir.2005). We review the factual findings underlying a district court's sentencing determination for clear error, *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir.2006), and its legal application of the Guidelines *de novo*, *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir.2004).

The district court's sentence was substantively reasonable. The district court carefully considered the § 3553(a) factors before imposing a below-guidelines sentence. The potential challenges that Harris would face in prison due to his physical condition are insufficient to establish that his sentence is substantively unreasonable, nor is there any evidence that suggests Harris' condition is not one that can be adequately addressed by the Bureau of Prisons. *See United States v. Altman*, 48 F.3d 96, 104 (2d Cir.1995). Finally, any disparity between Harris' sentence and the sentence imposed on his co-defendant, Jason Campbell, was reasonable in light of Harris' conduct while in custody.

We have considered all of the defendant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**